# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| QWENDOLYN MICHELLE SMITH, | ) | CIVIL ACTION NO. 9:16-843-TLW-BM |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a)(D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI)[1] on July 16, 2014 (protective filing date), alleging disability beginning March 31, 2014, due to Stage 3 right breast cancer. (R.pp. 18, 195, 199, 237). Plaintiff's claims were denied both initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on August 13, 2015. (R.pp. 34-80). The ALJ thereafter denied

---

[1]Although the definition of disability is the same under both DIB and SSI; Emberlin v. Astrue, No. 06-4136, 2008 WL 565185, at * 1 n. 3 (D.S.D. Feb. 29, 2008); "[a]n applicant who cannot establish that [he] was disabled during the insured period for DIB may still receive SSI benefits if [he] can establish that [he] is disabled and has limited means." Sienkiewicz v. Barnhart, No. 04-1542, 2005 WL 83841, at ** 3 (7th Cir. Jan. 6, 2005). See also Splude v. Apfel, 165 F.3d 85, 87 (1st Cir. 1999)[Discussing the difference between DIB and SSI benefits].



Plaintiff's claim in a decision issued October 19, 2015. (R.pp. 18-27). The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 1-3).

Plaintiff then filed this action in United States District Court. Plaintiff asserts that the ALJ's decision is not supported by substantial evidence, and that this case should be remanded to the Commissioner for an award of benefits or, alternatively, for further proceedings. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that Plaintiff was properly found not to be disabled.

## Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)); see also, Hepp v. Astrue, 511 F.3d 798, 806 (8th Cir. 2008)[Noting that the substantial evidence standard is even "less demanding than the preponderance of the evidence standard"].



The Court lacks the authority to substitute its own judgment for that of the Commissioner.  Laws, 368 F.2d at 642.  "[T]he language of [405(g)] precludes a *de novo* judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'"  Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

### Discussion

A review of the record shows that Plaintiff was thirty-six years old at the time of the ALJ's decision, has a high school education, and past relevant work experience as an assembler and a production worker.  (R.pp. 27, 232, 238).  In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience, and functional capacity, and which has lasted or could reasonably be expected to last for a continuous period of not less than twelve (12) months.

After a review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff does suffer from the "severe" impairments[2] of breast cancer, status-post radiation and chemotherapy; degenerative joint disease involving her right shoulder; migraine headaches; cervical radiculitis with peripheral neuropathy; depression; and anxiety (R.p. 20), she nevertheless retained the residual functional capacity (RFC) to perform light work[3] with limitations of only

---

[2]An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities.  See 20 C.F.R. § 404.1521(a); Bowen v. Yuckert, 482 U.S. 137, 140–142 (1987).

[3]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting



occasionally climbing ladders, ropes, or scaffolds; occasionally crouching, kneeling, and crawling; frequently climbing ramps or stairs, balancing, stooping, and pushing/pulling; frequently reaching overhead, forward, down, and to the side with her right upper extremity; and frequently having exposure to excessive noise and vibration. Additionally, the ALJ limited Plaintiff to the performance of one to two-step tasks with only occasional interaction with the public. (R.p. 22). At step four, the ALJ found that Plaintiff could perform her past relevant work as a an assembler and a production worker with these limitations,[4] and was therefore not disabled during the period at issue. (R.p. 27).

Plaintiff asserts that in reaching this decision, the ALJ failed to properly account for her limitations in concentration, persistence, and pace; failed to ask the vocational expert (VE) whether his testimony conflicted with the Dictionary of Occupational Titles; improperly determined that she could return to her past relevant work; erred in determining that her mental impairments, considered singly and in combination, did not meet or medically equal the criteria of Listings[5] 12.04 (affective disorders) and 12.06 (anxiety-related disorders); and erred by failing to provide specific findings or analysis regarding the mental demands of her past work as required by SSR 82-62. After careful review and consideration of the arguments presented, for the reasons set forth hereinbelow,

---

most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

[4]Although the ALJ stated in the heading of his step four determination that Plaintiff was capable of performing her past relevant work as an assembler and a production worker, underneath that heading the ALJ only discussed the assembler job. (R.p. 27). However, it may be that the information in the heading is a scrivener's error, as it does not appear that Plaintiff would be able to perform her past relevant work as a production worker, which the ALJ noted is "medium" work.

[5]In the Listings of Impairments, "[e]ach impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). In order to meet a listing, a claimant's impairment must "meet *all* of the specified medical criteria." Id. (emphasis in original).



the undersigned is constrained to agree with the Plaintiff that the ALJ committed reversible error by failing to properly account for Plaintiff's limitations in concentration, persistence, and pace in compliance with the Fourth Circuit's decision in <u>Mascio v. Colvin</u>, 780 F.3d 632 (4th Cir. 2015), thereby requiring a reversal with remand in this case. <u>See</u> <u>Hays</u>, 907 F.2d at 1456 [Under § 405(g), the court's review includes, <u>inter alia</u>, whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law].

   The medical record reflects that in June 2015, Plaintiff complained of anxiety and depression, and was diagnosed with depression by Nurse Practitioner Lori Morrow of the Medical Group of the Carolinas. Zoloft and Lorzepam were prescribed. (R.pp. 853, 855, 856). On July 7, 2015, JoAnn C. Smith, M. Div., Licensed Professional Counselor, completed a form titled "Medical Opinion RE: Effects of Physical and/or Mental Condition on Patient's Ability to Engage in Work-Related Activities", in which she stated that Plaintiff had Post Traumatic Stress Disorder (PTSD) with high levels or anxiety, depressive symptoms, and flashbacks; lack of energy, initiative, concentration, and memory; crying; and frequent worry. She also noted that Plaintiff had pain from chemotherapy. Ms. Smith opined that Plaintiff had poor or no ability to maintain attention and concentration, did not have the ability to perform work requiring walking and standing up to two hours and sitting up to six hours in an eight-hour workday, and would constantly experience pain and other symptoms that would be severe enough to interfere with the attention and concentration needed to perform even simple work tasks. (R.pp. 733-736). On August 7, 2015, Ms. Smith wrote that Plaintiff was being treated for PTSD, had begun counseling in early May 2015, and attended sessions one to two times per week. Ms. Smith stated that Plaintiff had very high levels of anxiety and depression, had days that she could not get out of bed, had a great deal of physical issues due to her chemotherapy as well



5

as her anxiety and flashbacks, and had flashbacks and/or panic attacks several times a day. Ms. Smith opined that Plaintiff was unable to work and would continue to be unable to do so "for quite some time." (R.p. 852).

The ALJ stated in his decision he gave little weight to Ms. Smith's opinion because Ms. Smith was not an acceptable medical source and her opinion was not adequately supported by the clinical findings of record or the other substantial and credible evidence of record. (R.p. 26). Even so, the ALJ did specifically find that Plaintiff's condition had resulted in her having moderate difficulties with regard to concentration, persistence, and pace. (R.p. 22). At step three of the sequential evaluation process, the ALJ considered the severity of Plaintiff's mental impairments and found that singly and in combination these impairments did not meet or medically equal Listings 12.04 and 12.06. (R.p. 21). However, the ALJ concluded in his RFC determination that Plaintiff's anxiety and depression were nonetheless severe impairments that caused "significant work-related limitation of function" and "limited [Plaintiff's] work activities to unskilled work with only occasional interaction with the public." (R.pp. 20, 24). See also (R.p. 26) [Finding that Plaintiff's depression and anxiety were severe and "restricted her to unskilled work with occasional public contact."].

The Commissioner contends that the ALJ fully accounted for Plaintiff's mental impairments by limiting her to unskilled work with only occasional interaction with the public. However, while restricting a claimant like the Plaintiff to simple, routine work in order to account for mental impairments, to include a moderate restriction with respect to concentration, persistence or pace, was an RFC formula that had generally found support in the case law prior to 2015; cf. Wood v. Barnhart, No. 05-432, 2006 WL 2583097, at * 11 (D.Del. Sept. 7, 2006) [Finding that by



restricting plaintiff to jobs with simple instructions, the ALJ adequately accounted for plaintiff's moderate limitation in maintaining concentration, persistence or pace]; McDonald v. Astrue, 293 F. App'x 941, 946-47 (3d Cir. 2008) [noting that the ALJ properly accounted for his finding that the claimant had moderate limitations in concentration by limiting him to simple, routine tasks]; shortly prior to the ALJ's decision in this case, the Fourth Circuit held in Mascio that "an ALJ does not account 'for a claimant's [moderate] limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" Mascio, 780 F.3d at 638, quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011). Rather, in Mascio the Fourth Circuit held that the ability to perform simple work is not the same as having the ability to *stay on task* during a workday, which is the limitation that would account for a claimant's impairment in concentration, persistence or pace. Mascio, 780 F.3d 638.

In light of the Fourth Circuit's holding in Mascio, and contrary to the Commissioner's argument, the ALJ failed to adequately address Plaintiff's moderate limitation in concentration, persistence, or pace in his RFC finding. (R.pp. 22, 24, 26). The ALJ's limitation in Plaintiff's RFC to simple, routine work primarily addresses the complexity of the work, not Plaintiff's ability to stay on task. See Mascio, 780 F.3d at 638; Salmon v. Colvin, No. 12-1209, 2015 WL 1526020, at *3 (M.D.N.C. Apr. 2, 2015) [noting that "the Fourth Circuit made clear that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine, tasks or unskilled work."] (citations and quotations omitted); cf. Straughn v. Colvin, No. 14-200, 2015 WL 4414275, at *4 n.5 (M.D.N.C. July 20, 2015) [reasoning that the ALJ "did not address how the RFC's limitation to 'simple, routine' tasks addressed his finding of 'mild limitations with concentration, persistence or pace.' Thus, the ALJ's decision may also run



afoul of the recent decision in <u>Mascio</u>"] (citation and quotation omitted).  Similarly, the ALJ's limitation of Plaintiff's contact with the public (to only occasional contact) deals largely with workplace adaptation, not concentration, pace, or persistence.  <u>See</u> <u>McPherson v. Colvin</u>, No. 16-1469, 2016 WL 5404471, at * 8 (E.D.Pa. Sept. 28, 2016)[rejecting that moderate restrictions in concentration, persistence, and pace were accommodated by a hypothetical to a VE that only included: 1) the performance of routine, repetitive tasks; 2) a low stress environment (defined as no frequent independent decision making required and no frequent changes in the work setting); and 3) no public interaction and occasional interaction with coworkers and supervisors](citing <u>Varga v. Colvin</u>, 794 F.3d 809, 815 (7th Cir. 2015)); <u>Knight v. Commissioner</u>, No. 15-1512, 2016 WL 4926072 (D.S.C. Sept. 16, 2016)[The ALJ's limiting the hypothetical to "unskilled work with no direct interaction with the public; only occasional team type interaction with coworkers; [who] should not be required to adapt to greater than simple, gradual changes in the workplace" did not account for the Plaintiff's moderate limitation in concentration, persistence, or pace].

The ALJ did not discuss or make any specific findings in his decision with respect to Plaintiff's ability to stay on task in light of his moderate limitation in concentration, persistence or pace.  This omission is particularly important after <u>Mascio</u>, as the VE specifically testified that if Plaintiff's impairment caused her to be "off-task" twenty percent or more of the workday, such a restriction would be incompatible with any form of competitive employment.  (R.p. 76).  However, the ALJ did not include such a limitation in his RFC, and while it may be that the ALJ found or will find, based on the evidence, that Plaintiff's moderate impairment in concentration, persistence, or pace does not affect her ability to stay on task sufficient to perform the unskilled work (or one to two step tasks) with only occasional public contact identified in the decision, since he did not make that



determination or finding in his decision, this Court may not now do so in the first instance. see Mascio, 780 F.3d at 638 [noting that the ALJ may be able to explain why a concentration, persistence, or pace limitation did not translate into a limitation in the RFC ("[f]or example, the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the [VE]"), but finding that remand was appropriate because the ALJ gave no explanation]; Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) [Court cannot affirm a decision on a ground that the ALJ did not himself invoke in making the decision]; Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1225 (9th Cir. 2009) ["Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have thinking."].

Therefore, the decision should be reversed and remanded for consideration of Plaintiff's RFC in compliance with Mascio. With respect to the remainder of Plaintiff's claims of error, the ALJ will be able to reconsider and re-evaluate the evidence in toto as part of the reconsideration of this claim. Hancock v. Barnhart, 206 F.Supp.2d 757, 763-764 (W.D.Va. 2002)[On remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted *de novo*].

## Conclusion

Based on the foregoing, and pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be **reversed**, and that this case be **remanded** to the Commissioner for reevaluation



of the evidence as set forth hereinabove, and for such further administrative action as may be necessary.  See Shalala v. Schaefer, 509 U.S. 292 (1993).

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 26, 2017
Charleston, South Carolina



10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u> Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

